UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3440 |
| | § | |
| HHI INFUSION SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

## I.     Introduction

Pending before the Court is the defendants, HHI Infusion Services and Metro Infectious Disease Consultants' (collectively "HHI") motion seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(3) and seeking relief under 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*. (Docket Entry No. 50). The plaintiff, Healix Infusion Therapy, Inc. ("Healix"), submitted a response to this motion (Docket Entry No. 51) and HHI filed an amended reply in support of its motion (Docket Entry No. 56). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby grants HHI's motion to dismiss in-part and denies the motion in-part.

## II.     Factual Background

Healix is a Texas-based medical supply and management services company with its principal place of business in Sugar Land, Texas. The company maintains a copyrighted website at www.healix.net (*see* Copyright Registration Number TX 6-962-837) and owns multiple trademarks and service marks (*see* United States Federal Registration No. 3112938) including the mark "PRACTICE SIMPLICITY." HHI is a healthcare services provider with its principle

place of business in Hinsdale, Illinois. It is in direct competition with Healix. HHI's services are marketed through, among other things, a website and hard copy promotional materials.

Healix alleges that HHI intentionally misappropriated the intellectual property contained in Healix's website by copying the text and style of the website, removing Healix's trademark and other identifying features from the copied data and posting the content on HHI's website. In support of this contention, Healix points out that its website was accessed from HHI's offices on at least 34 instances. In a related allegation, Healix asserts that HHI has reproduced Healix's copyrighted content in printed media that was distributed to the public. Lastly, Healix states that HHI has utilized the word "Simplicity" in their marketing materials, which it asserts infringes its protected mark "PRACTICE SIMPLICITY."

On a separate issue, Healix states that HHI tortiously interfered with contracts it maintained with parties in the medical industry. Specifically, it alleges that, with regard to a five-year service contract between Healix and 3 Tree ID Clinic, HHI caused business activities between the parties to be suspended. HHI subsequently began doing business with 3 Tree ID Clinic. Healix states that HHI was aware of the earlier contractual relationship between Healix and 3 Tree I.D. at the time of the interference.

Premised upon the above-discussed factual basis, Healix brought the following causes of action against HHI: copyright infringement, contributory copyright infringement, vicarious liability for copyright infringement, trademark infringement, unfair competition, tortious interference and civil conspiracy. All claims, except for the unfair competition claim, arise from the alleged copyright and trademark infringement by HHI.

## III. Contentions

### A. The Defendants' Contentions

HHI argues that the present case should be dismissed because the Court lacks personal jurisdiction over the parties. Specifically, it asserts that it does not maintain the connections to the present forum necessary for personal jurisdiction to be proper. Further, HHI proffers that the present case does not satisfy 28 U.S.C. § 1391(b), and therefore, venue is improper. With regard to the doctrine of *forum non conveniens* and 28 U.S.C. § 1404(a), HHI maintains that, in the interest of convenience and the interest of justice, this Court should dismiss the present litigation. Speaking to the tortious interference claim, HHI states that this claim should be dismissed because supplemental jurisdiction under 28 U.S.C. § 1367(a) is inappropriate. Lastly, HHI asserts that, pursuant to 28 U.S.C. § 1404(a), transfer to the Northern District of Illinois is appropriate if the Court does not dismiss the present claims

### B. The Plaintiff's Contentions

Healix maintains that dismissal of its claims is improper. With regard to personal jurisdiction, it states that specific jurisdiction is appropriate for all claims under the "effects test" set forth in *Calder v. Jones* because HHI intentionally undertook tortious acts that were purposefully directed towards (and injured) Healix in Texas. 465 U.S. 783, 788–91. Further, Healix states that venue is proper because: (1) HHI directed its actions towards this district; and (2) personal jurisdiction is proper over HHI in this district. Lastly, with regard to *forum non conveniens* and 28 U.S.C. § 1404(a), Healix maintains that, after considering all pertinent factors, this Court should exercise its discretion to not transfer the present case to Illinois.

## IV.    Standard of Review

Rule 12(b)(2) authorizes a motion to dismiss based on the defense that a court lacks personal jurisdiction over the defendant.  *See* Fed R. Civ. P. 12(b)(2).  On such a motion, the plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant.  *See Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990).  Where a court rules on such a motion without a hearing, however, the court must accept as true all uncontroverted allegations in the plaintiff's complaint and resolve all factual conflicts presented by the parties' affidavits in the plaintiff's favor.  *Id.* at 217.  Thus, absent a hearing, the plaintiff need only establish a prima facie case for personal jurisdiction.  *Id.*  Nevertheless, after the plaintiff establishes its prima facie case, the burden then shifts to the non-resident defendant to demonstrate a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Generally, in a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if two conditions are met:  (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction complies with the due process requirements of the Fourteenth Amendment of the United States Constitution.  *Irving v. Owens-Corning Fiberglas Corp.*, 864 F.2d 383, 385 (5th Cir. 1989) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)).  This Court, however, need only consider whether the exercise of jurisdiction over the non-resident defendant comports with due process "because the Texas Supreme Court has [long] established that the Texas long-arm statute . . . 'reaches as far as the federal constitutional requirements of due process will permit.'"  *Irving*, 864 F.2d at 385 (quoting *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985)).

"The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over [the] defendant does not offend 'traditional notions of fair play and substantial justice.'" *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)) (internal citations omitted). Both portions of this test must be satisfied in this case before the Court can exercise personal jurisdiction over HHI. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction over a non-resident defendant is said to exist when the non-resident defendant has "purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Alpine View*, 205 F.3d at 215 (quoting *Burger King*, 471 U.S. at 472) (internal quotation marks omitted). General jurisdiction, on the other hand, is said to exist "where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Alpine View*, 205 F.3d at 215 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). Nonetheless, even when "minimum contacts" are found, the court must still determine whether allowing such a suit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320 (1945).

## V.  Analysis & Discussion

### A.  Personal Jurisdiction & the Intellectual Property Claims

Healix asserts that, with regard to its trademark and copyright claims, personal jurisdiction over HHI is appropriate under the "effects test" presented in *Calder v. Jones*. 465 U.S. 783, 788–91. On this issue, United States District Judge Barbara M.G. Lynn (N.D. Tex.) has recently stated:

> In cases of intentional torts like defamation, the Fifth Circuit also applies the "effects test" of *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). [*Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002).] Under the effects test, it is appropriate for a court to exercise specific jurisdiction when (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the resulting harm to the plaintiff; and (3) the defendant expressly aimed his conduct at the forum, so that the forum can be said to be the focal point of the tortious activity. *Id.* at 31. The effects test provides that jurisdiction "may be proper where the effects of a defendant's conduct in one state may cause injury in the forum state," despite the absence of actual physical contacts or other contacts within the forum state. *Lofton v. Turbine Design, Inc.*, 100 F. Supp. 2d 404, 411 (N.D. Miss. 2000). The Fifth Circuit characterizes the effects test as "but one facet of the ordinary minimum contacts analysis, to be considered as part of the full range of the defendant's contacts with the forum." *Revell*, 317 F.3d at 473. The Fifth Circuit has recently noted that a determination of personal jurisdiction based solely on the effects test is "rare." *Moncrief Oil Int'l, Inc. v. Gazprom*, 481 F.3d 309, 314 (5th Cir.2007).

*Triple Diamond Energy Corp. v. Venture Research Inst., Inc.*, No. 3:08-CV-0050-M, 2008 WL 2620352, at *4 (N.D. Tex. July 3, 2008).[1]  The Fifth Circuit has not ruled on the issue, but several district courts in the circuit have held that "Copyright Act claims sound in tort, thus supporting application of the 'effects' test." *Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 2701161, at *1 (W.D. La. Sept. 7, 2007) (unreported opinion); *Illustro Sys. Intern., LLC v. Int'l Bus. Machs. Corp.*, No. 3:06-CV-1969-L, 2007 WL 1321825, at *10 (N.D. Tex. May 4, 2007)

---

[1] The Court notes that, for the purposes of personal jurisdiction, "the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). However, for present purposes, the Court need only address the effects test because that evaluation proves outcome determinative.

(unreported opinion); *Isbell v. DM Records, Inc.*, No. Civ.A.3:02-CV-1408-G, 2004 WL 1243153, at \*10 (N.D. Tex. June 4, 2004) (unreported opinion).  For present purposes, the Court will assume, *arguendo*, that the effects test is applicable to copyright and trademark claims.

On this point, Healix states (with citations omitted) that HHI is subject to specific jurisdiction because it undertook "intentional acts of copyright infringement that were purposefully directed towards Healix in Texas and caused injury as a result.  For specific jurisdiction to exist under the 'Effects' test, it is not necessary that Defendants' conduct actually occur in Texas, as long as their actions were purposefully directed towards Texas."  The Court disagrees with Healix's position.

### 1.      Online Copyright Infringement

The Court initially addresses the effects test as it pertains to Healix's allegations that HHI infringed on its copyrights through online replication of protected material.  With regard to the (above-described) third element of the effects test (that "the defendant expressly aimed his conduct at the forum, so that the forum can be said to be the focal point of the tortious activity"), Healix asserts that "Defendants have . . . not denied accessing Healix's website or [claimed] that they were unaware that its corporate office is located in Texas."  In response, HHI states that any infringing online activities (such as creating the allegedly infringing website) were conducted by an outside vendor from Plainfield, Illinois.  Accordingly, they assert that they had no knowledge of the alleged infringement and could not have purposefully directed the infringing activities towards Texas.  This proposition is supported by the affidavit statement of Neil Stanton that "HHI previously retained a third-party vendor to create a website for it.  That vendor has its principal place of business in Plainfield, Illinois . . . ."  On this issue, Healix has merely made conclusory statements, such as "Defendants [commited] acts of copyright infringement that were

*purposefully directed* towards Healix in Texas" and "the act of copying text verbatim from a website owned by Healix . . . refutes any suggestion that [the alleged infringement] was *unintentional*" (emphasis added).[2]

When evaluating a motion to dismiss under 12(b)(2), all uncontroverted allegations in the plaintiff's complaint are accepted as true and all factual conflicts presented by the parties' affidavits are resolved in the plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 17 (5th Cir. 1990). Healix has not proffered any evidence contradicting defendants' affidavit showing that HHI did not purposefully direct its actions towards Texas (with regard to its online activities). As such, the effects test is not presently satisfied, and, with regard to the copyright claims arising from online publications, this Court lacks jurisdiction.

### 2. Trademark and Hard Copy Copyright Infringement

The Court next addresses Healix's assertions that HHI has infringed on its copyrights (through hard copy publications) and its trademarks (generally). In full, Healix alleges (with internal numbering omitted) that:

> Defendants have displayed Healix's copyrighted work in printed brochures and other media that was later distributed to the consuming public at an annual industry event. Defendants have also attempted to emulate Healix by using photographs displaying the same individuals that Healix uses in its materials.

> In further disregard of Healix's intellectual property rights, it has learned that Defendants have repeatedly displayed the word "Simplicity" in their marketing materials. These acts by Defendants infringe upon Healix's federally registered PRACTICE SIMPLICITY mark of which no disclaimer is required for the use of "Simplicity" by itself.

> In so doing, Defendants have misappropriated Healix's intellectual property for their own benefit and have deceived, misled, and confused third parties with respect to the same. Defendants engaged in the above-referenced acts intentionally, with knowledge of Healix's rights in its own intellectual property

---

[2] Healix asserts that HHI accessed its website 34 times over a 2 year period. However, with regard to whether the defendants purposefully took acts to harm Healix, the Court is unpersuaded. Mere visitation of a competitor's website is not evidence that the website was purposefully copied.

and fully aware that it would cause injury to Healix's business in Texas and in the other states it operates in. Defendants are attempting to confuse the consuming public by these intentional and willful acts of infringement.

The Court notes that neither of these claims asserts that the infringing material was distributed within Texas. With regard a similar claim, Fifth Circuit Judge Patrick E. Higginbotham has stated that:

> The [plaintiffs] allege that [the defendant's] sale of [infringing] handbags has caused injury in Texas and that these injurious effects should be sufficient to establish personal jurisdiction. It is true that in *Guidry*, we applied the "effects test" of *Calder v. Jones* to torts outside the libel context. However, the effects doctrine is not as expansive as the [plaintiffs] argue. As we have held *"[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum."*[3]

*McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009) (footnotes in original) (emphasis added).

At most, the present claims allege that HHI has undertaken infringing acts with knowledge that the owner of the infringed intellectual property resides in Texas. Pursuant to the above quoted Fifth Circuit precedent, such a foreseeable injury, standing alone, is insufficient to create specific personal jurisdiction over HHI. Accordingly, since Healix makes no further allegations with regard to these claims, the Court does not have personal jurisdiction over HHI on this issue. Moreover, premised upon the logic set forth in this and the preceding subsection, the Court does not have jurisdiction over Healix's civil conspiracy and unfair competition claims. In summation, the Court does not maintain personal jurisdiction over HHI with regard to all of Healix's copyright and trademark claims.

---

[3] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999) (expressing concern that too broad a reading would subject a nonresident defendant "to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit no matter how groundless or frivolous the claim may be").

### B.       Tortious Interference

HHI argues, with regard to Healix's tortious interference claims:

> The Court lacks federal subject matter jurisdiction over [the tortious interference claim.] It does not arise out of the same operative facts as the alleged federal trademark and copyright claims, over which the Court does have jurisdiction. Therefore, the Court does not have supplemental jurisdiction over the claim.

The Court finds no merit in this argument. The plaintiffs and defendants are completely diverse, and therefore, diversity subject matter jurisdiction exists.

At present, neither party has briefed the applicability of the doctrine of *forum non conveniens* or 28 U.S.C. § 1404 to the remaining cause of action (tortious interference). Accordingly, the Court will, *sua sponte*, stay the present litigation, such that the parties can update/refile their motions/briefing to address the tortious interference claim, *forum non conveniens*, § 1404 and efficiency concerns in the litigation between the present parties. The parties have 10 days from the entry of this Memorandum Opinion and Order to file the requested documents.

## VI.      Conclusion

Based on the preceding discussion, the Court hereby GRANTS HHI's motion to dismiss in-part and DENIES the motion in-part.[4]

It is so **ORDERED.**

SIGNED at Houston, Texas this 3rd day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge

---

[4] Any relief not expressly granted herein is hereby denied.