# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3772 | **DATE** | August 9, 2010 |
| **CASE TITLE** | HEALIX INFUSION THERAPY, INC. v. HHI INFUSION SERVICES, INC., and METRO INFECTIOUS DISEASE CONSULTANTS | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to compel third-party documents and for contempt [80] is denied.

---

## STATEMENT

### I. BACKGROUND

Plaintiff filed its seven-count second amended complaint against Defendants HHI Infusion Services, Inc. ("HHI"), and Metro Infectious Disease Consultants ("Metro") in the Southern District of Texas alleging federal copyright infringement, trademark infringement, unfair competition, tortious interference, and civil conspiracy. In response, Defendants claim that third-party vendor Eye Create erroneously copied portions of Healix's website onto the website it prepared for Defendant HHI. On April 5, 2010, Healix served a third-party subpoena on Eye Create requesting certain documents exchanged between Eye Create, HHI and Metro. Eye Create engaged The Valorem Law Group, the firm representing Defendants in this action, on April 26, 2010. Eye Create and Defendants have waived any potential conflict that could arise from their representation by The Valorem Law Group in this litigation. On April 28, Healix issued a second subpoena to Eye Create, and on May 5, the Southern District of Texas denied Defendants' motions to stay and to quash, but granted Eye Create's request for an extension of time to produce responsive documents until May 17. Eye Create produced 232 pages of documents to Healix on May 17, and on May 18, Healix moved to compel production of documents and to hold Eye Create in contempt of Court. On June 15, 2010, this case was transferred to the Northern District of Illinois on the parties' joint motion. On July 13, 2010, Plaintiff filed its third amended complaint in the Northern District of Illinois. The third amended complaint added Eye Create as a party.

#### A. Motion to Compel

Defendant argues that Healix's motion to compel should be denied because Healix failed to engage Eye Create in consultation over discovery dispute as required by Federal Rule of Civil Procedure 37. Rule 37 requires that a motion to compel include "a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. EVID. 37(a)(1). Furthermore, Judge Hoyt's own rules of procedure, published on the Southern District of Texas' website, states that the court "will not hear discovery motions unless moving counsel advises the Court, in a motion, that counsel have conferred in a good faith effort to resolve the matters in dispute but are unable to reach an agreement." Court Procedures of The Honorable Kenneth M. Hoyt (revised 5/08) at 3. Likewise, both the Local Rules of this district and the Southern District of Texas require that the parties confer and attempt to resolve discovery disputes prior to submitting any motion to the court. S.D. Tex. L.R. 7.1.(D); N.D. Ill. L.R. 37.2. Specifically, the Northern District of Illinois' Local Rule 37.2 states that a motion must include "a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." N.D. Ill. L.R. 37.2. Plaintiff has not shown that it made any attempt to contact counsel for Eye Create prior to filing the instant motion, nor has it shown that any good faith attempts were made to resolve this dispute. Accordingly, Plaintiff's motion to compel is denied.

### B. Motion for Contempt of Court

Plaintiff seeks an order holding Eye Create in contempt pursuant to Federal Rule of Civil Procedure 45(e). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell,* 257 F.3d 694, 699 (7th Cir.2001) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir.1999)). The burden of proving contempt is on the movant who must demonstrate by clear and convincing evidence, that a specific order or decree was violated. *Id.* at 699. A court need not find a violation willful to hold a party in contempt, *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779, 784 n. 9 (7th Cir.1981), and may find a party in civil contempt if he has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *American Fletcher Mortg., Inc. v. Bass,* 688 F.2d 513, 517 (7th Cir. 1982).

Healix contends that Eye Create has violated three orders issued by Judge Hoyt, (Docket entries 58, 59, and 60). These orders denied Defendants' motions to stay discovery and quash two subpoenas and extended Eye Create's time to respond to the subpoenas. Eye Create has objected to producing certain documents as irrelevant to Plaintiff's complaint and has also refused to produce documents asserting attorney-client privilege. In support of its motion, Plaintiff states that when a subpoena has issued, a court may find a party in contempt for failure to produce requested documents. This proposition does not find support in the case cited by Plaintiff, *Nat'l Org. For Women v. Operation Rescue,* 37 F.3d 646, 662 (D.C. Cir. 1994). Furthermore, while Judge Hoyt denied Defendants' motion to quash the subpoenas, his orders did not compel the production of specific documents. Instead, the Court simply denied Defendants' motions to quash and to stay, and imposed a new deadline for Eye Create to respond to the subpoenas issued. While Eye Create has refused to produce certain documents, it did respond to the subpoenas issued by producing 232 pages of documents.[1] Given Eye Create's timely production of certain documents, I do not find that it has violated a direct court order. Accordingly, Plaintiff's motion for contempt is denied.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel and for contempt is denied

---

1. Later, the total document production increased to 234 pages.