UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALIX INFUSION THERAPY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HHI INFUSION SERVICES, INC., <br> METRO INFECTIOUS DISEASE <br> CONSULTANTS, EYE CREATE, INC., <br> and WILLIAM D. FERGUSON <br><br> Defendants. | No. 10 C 3772 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I. OVERVIEW**

Plaintiff Healix Infusion Therapy, Inc. ("Healix") filed a five-count Third Amended Complaint against Defendants alleging copyright infringement, contributory copyright infringement, trademark infringement, contributory trademark infringement, and tortious interference with an existing contract. Defendants now move to dismiss Plaintiff's Third Amended Complaint on all counts. For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

**II. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for its part, must do more than solely recite

the elements for a violation; it must plead with sufficient particularity so that its right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead its facts so that, when accepted as true, they show the plausibility of its claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendant's liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

### III. STATEMENT OF FACTS

On June 3, 2010, the Southern District of Texas granted Defendants HHI's and Metro Infection Disease Consultants' ("Metro") motion to dismiss for lack of personal jurisdiction. The case was subsequently transferred to this court by agreement of the parties. On July 13, 2010, Plaintiff filed its Third Amended Complaint adding three new parties, Innovative Ventures, Eye Create and William D. Ferguson ("Ferguson").

Healix has conducted business in the healthcare industry since 1989 and provides infusion therapy services, durable medical equipment, and pharmacy services to physicians. Typically, Healix establishes business relationships with specialty physician groups who utilize infusion therapy treatment, and staffs the customer site with a pharmacist and/or registered nurse, sells the practice drugs for the site, handles practice management matters, and coordinates investigational drug studies. Defendants HHI, Metro, and Innovative Ventures, LLC ("Innovative") (collectively "HHI Defendants") provide infusion services and are direct competitors of Healix. Defendant Ferguson is the owner of Defendant Eye Create, Inc. ("Eye Create").

Healix has expended effort to gain goodwill through its website at www.healix.net as well as through other promotional efforts.  Healix also owns United States Copyright Registration Number TX 6-962-837 as well as numerous trademarks and service marks on file with the United States Patent and Trademark Office.  In late 2009, Healix learned that the protected work on its own website had been copied and placed on www.hhiinfusionservices.com.  Plaintiff further alleges that the HHI Defendants' marketing materials incorporated both Healix's federally registered trademarks and incorporated Healix's clients' names suggesting that they did business with them.  Defendants admit that vendor Eye Create "improperly copied certain portions of Healix's website."  Healix contends that the HHI Defendants had the right and ability to prevent the acts of infringement by supervising Defendant Eye Create.

In addition to infringing upon its intellectual property, Healix alleges that the HHI Defendants caused it economic harm by tortiously interfering with one or more of its physician contracts.  Specifically, Healix alleges that 3 Tree Infectious Disease Consultants ("3 Tree") in Burien, Washington terminated its business relationship with Healix citing building space issues and other concerns.  Healix, however, has learned that the HHI Defendants were in contact with 3 Tree and allege that the HHI Defendants hindered 3 Tree's performance on the contract.

## IV. DISCUSSION

Defendants move for dismissal on both procedural and substantive grounds.  First, Defendants argue that Plaintiff has not affected proper service on the three new parties who were added into the third amended complaint on July 13, 2010.  Plaintiffs have since personally served Defendants and cured any allegedly deficient service.  Accordingly, Defendants' motion to dismiss for lack of service is denied.

A. Plaintiff's Statutory Damages and Fees Claims In Counts I and II Are Dismissed.

Defendants argue that Plaintiff's claims for statutory damages and fees in counts I and II are precluded under 17 U.S.C. § 412(2). Counts I and II of the complaint charge Defendants with direct and contributory copyright infringement and seeks statutory damages pursuant to 17 U.S.C. § 504 and attorneys' fees and costs under 17 U.S.C. § 505. Section 412(2) of the Copyright Act, however, provides that no award of statutory damages shall be made for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Here, Plaintiff's copyright registration shows that the claimed copyrighted material was published on February 17, 2004, and that the effective date of the copyright registration was not until over five years later, on August 23, 2009. In paragraph 15 of the complaint, Healix asserts that communications between the HHI Defendants and Defendant Eye Create include references to the copyrighted text. A copy of these emails was attached as 'exhibit D' to the complaint. The emails began on February 23, 2009.

Healix's Third Amended Complaint alleges that in late 2009, it discovered that Defendants had infringed upon its copyright by displaying protected text from www.healix.net on the HHI Infusion Services website. In support, Healix attached to the complaint its October 9, 2009 cease-and-desist letter as well as a series of emails exchanged between Defendants from February and April of 2009. Defendants contend that Plaintiff's argument precludes recovery of statutory damages and attorney's fees because the email communications show infringement occurred after the copyrighted work was first published, but before it was registered.

Plaintiff disputes Defendants' interpretation of the facts. It claims that it did not allege that Defendants' emails in February and April of 2009 are evidence of copyright infringement, namely because the protected work was being used only for internal purposes at that time. Instead, Plaintiffs point to the cease-and-desist letter alleging that the infringement began after it registered its copyrighted work in August of 2009. Plaintiff, however, does not contest that its protected work was being used by Defendants during February and April of 2009, but states that it does not allege that such acts were evidence of copyright infringement because the work was only being used for internal purposes.

Under the Copyright Act of 1976, codified at 17 U.S.C. § 101 et seq., the owner of a copyright has the exclusive rights to reproduce the copyrighted work in copies or phonorecords. 17 U.S.C. § 106(1). There is no public use required under the Copyright Act. Accordingly, Healix's argument that the protected work was solely used for internal purposes will not negate the applicability of 17 U.S.C. § 412(2). Though Plaintiff cites two cases to show that the preclusion of statutory damages for copyright infringement is not ripe for determination in a motion to dismiss, these cases are distinguishable. In *Rubloff Inc. v. Donahue*, No. 93 C 457, 1993 WL 189811 *2 (N.D. Ill. Jun. 3, 1993), the Court stated that the case should not be dismissed because there were factual questions as to when the infringement actually began. Here, Healix does not dispute that infringement had commenced by February 2009. Likewise, in *Motorola, Inc. v. Lemko Corp.*, No. 08 C 5427 (N.D. Ill. April 12, 2010), this court did not articulate a general rule regarding the question of statutory damages, but instead declined to address the question of damages prior to a win by the plaintiff at trial or on summary judgment. Here, however, no actual damages are sought for the copyright infringement claim, and the

5

offending material has been removed from the website. Accordingly, Plaintiff's claims for statutory damages and attorneys' fees in Counts I and II are dismissed.[1]

B. Defendants' Motion To Dismiss Plaintiff's Trademark Infringement Claims Is Denied.

Pursuant to the Lanham Act, a person will be liable for using in commerce any reproduction of a registered mark on, or in connection with, any goods or services which is likely to cause confusion. 15 U.S.C. §§ 1114, 1125. In counts III and IV of the Third Amended Complaint, Healix contends that in violation of 15 U.S.C. §§ 1114 and 1125, Defendants HHI, Metro, Innovative Ventures, and Eye Create infringed, and that Defendants William Ferguson contributorily infringed, Healix's registered trademarks HEALIX PRACTICE SIMPLICITY®, PRACTICE SIMPLICITY®, and CORIS®. Defendants argue that Plaintiff's trademark infringement counts III and IV must fail for two reasons. First, Defendants contend that Healix's third amended complaint fails to allege that Defendants HHI or Metro used Healix's protected marks in commerce. Second, Defendants argue that Plaintiff has failed to plead any facts to show that HHI's and Metro's alleged use of Healix's marks is likely to cause confusion.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A claim is plausible on its face "when the plaintiff pleads factual context that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Motorola*, 2010 WL 1474795 at *1 (quoting *Iqbal*, 129 S.Ct. at 1949 (2009)). "A company's internal utilization of a trademark in

---

[1] Healix requested that in the event that I find statutory damages unobtainable, I grant leave to amend its complaint to plead for actual damages. Healix has already filed four complaints in this case, and has never sought actual damages. Accordingly, I will not permit a fourth amended complaint to be filed.

6

a way that does not communicate it to the public is analogous to an individual's private thoughts about a trademark [and] such conduct simply does not violate the Lanham Act." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 409 (2d Cir. 2005). Here, though the facts are sparse, I find them sufficient to survive a motion to dismiss. Paragraph 17 of the Third Amended Complaint alleges that the HHI Defendants copied, displayed and marketed Healix's copyrighted work and registered marks to the public, and that they sought to appeal to a larger client base and drawing more traffic to their website. Similarly, in paragraph 30 of the Third Amended Complaint, Plaintiff alleges that Defendants copied its trademarks without permission with intent to sell, market and offer their services and goods to the consuming public. Though Defendants are correct that Plaintiff did not explicitly assert that its protected marks were used on Defendants' website, construing the complaint in Plaintiff's favor, as I must, I find its allegations sufficient. Similarly, in paragraph 31 of Plaintiff's Third Amended Complaint, Plaintiff alleges that by copying Healix's trademarks "in conjunction with misappropriating its client base, namely suggesting that Bary Baker, M.D. conducts business with them, they have created the likelihood of confusion, deception and mistake[]." Again, I find such allegations sufficient to allege likelihood of confusion and survive the motion to dismiss.

C. Defendants' Motion To Dismiss the Tortious Interference Claim Is Taken Under Advisement.

"When an action has been transferred from another district under 28 U.S.C. § 1404(a), a court must apply the choice of law principles of the state in which the action was originally instituted." *See Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 963 n. 7 (7th Cir. 2002). Because this case was transferred from the Southern District of Texas, I must look to Texas

7

choice of law principles. Texas courts apply the "most significant relationship" test to decide choice of law issues, *Hughes Wood Products v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000).

Under the Restatement's "most-significant relationship test," the applicable law is determined by analyzing the following contacts: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 145(2) (1971). "[T]he Restatement requires the court to consider which state's laws has the most significant relationship to the particular substantive issue to be resolved." *Wagner*, 18 S.W.3d at 205. Therefore, here I must focus on the conduct that led to 3 Tree terminating its contract with Healix.

In count V, Healix alleges that it spent time and effort forming a business relationship with 3 Tree ID Clinic ("3 Tree") in Burien, Washington. In June 2007, Healix and 3 Tree entered into a five-year contract whereby Healix agreed to provide 3 Tree with pharmacy services in Washington. 3 Tree terminated its business relationship with Healix in November of 2007 citing building space issues and other concerns. The result of this was lost revenue and lost financial opportunity in excess of $1.5 million over the five-year term. Healix alleges that the HHI Defendants were in contact with 3 Tree in late October of 2007, were fully aware of the contractual relationship between Healix and 3 Tree, and tortiously interfered with performance on the contract. HHI admits that it traveled to Washington to give 3 Tree a sales presentation, and that 3 Tree subsequently signed a contract with HHI for HHI to provide goods and services.

8

The parties dispute which state, Texas or Washington, has the most significant relationship to this claim. The distinction between the state's two tortious interference laws is material because in the State of Washington it is clear that the underlying conduct of the allegedly interfering party must itself be tortious. I have before me a fully briefed motion for partial summary judgment which more comprehensively articulates the facts surrounding the relationship of the parties with 3 Tree. Accordingly, I take Defendants' motion to dismiss count V under advisement and will rule on this claim with the motion for partial summary judgment.

### D. Defendants' Motion To Dismiss Metro From Counts I Through IV Is Denied.

In the Third Amended complaint, Plaintiff refers to Defendants HHI Infusion Services, Inc., Metro Infectious Disease Consultants, and Innovative Ventures, LLC collectively as the "HHI Defendants." Because Plaintiff failed to allege specific facts against Metro, Defendants argue that Metro should be dismissed from counts I-IV. Plaintiffs did not address this argument in its response brief.

Aside from noting that Metro is an Illinois corporation with its principal place of business in Illinois, Metro is not specifically referred to again in the complaint. Defendants argue that this is significant because Healix alleges that copyrighted material was placed on [www.hhiinfusionservices.com](www.hhiinfusionservices.com) yet acknowledges that Defendant HHI is the registered owner of that internet address. Similarly, the complaint does not identify any specific act that Metro has taken with respect to Healix's alleged protected copyright or trademarked material.

Though it is true that Metro is not singularly mentioned, Metro is named as one of the "HHI Defendants." Paragraph 17 of the Third Amended Complaint alleges that the HHI Defendants copied, displayed and marketed Healix's copyrighted work and registered marks to the

9

public, and that they sought to appeal to a larger client base and drawing more traffic to their website. Paragraph 28 alleges that the HHI Defendants materially contributed to the infringing activity, including the removal of Healix's copyright symbol. Similarly, in paragraph 30 Plaintiff alleges that Defendants copied its trademarks without permission with intent to sell, market and offer their services and goods to the consuming public. Finally, paragraph 35 alleges that the HHI Defendants are liable for contributory trademark infringement because they materially contributed to the infringing activity and used Healix's marks as their own. Though Defendants are correct that Plaintiff did not allege facts specific to Metro, construing the complaint in Plaintiff's favor as I must, I find its allegations sufficient to survive the motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's statutory damages and fees claims asserted in counts I and II are dismissed. Defendants' motion to dismiss counts III and IV is denied. Defendants' motion to dismiss count V is taken under advisement. Defendants' motion to dismiss Metro from counts I though IV is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: January 27, 2011