# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HEALIX INFUSION THERAPY, INC.,

    Plaintiff,

v.

HHI INFUSION SERVICES, INC., et al.,

    Defendants.

No. 10 C 3772
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. OVERVIEW

Plaintiff Healix Infusion Therapy, Inc. ("Healix") filed a five-count Third Amended Complaint against Defendants alleging copyright infringement, contributory copyright infringement, trademark infringement, contributory trademark infringement, and tortious interference with an existing contract. I dismissed Plaintiff's statutory damages and fees claims asserted in counts I and II and took Defendants' motion to dismiss count V for tortious interference with an existing contract under advisement. Plaintiff now seeks summary judgment against Defendant HHI Infusion Services, Inc. ("HHI"). For the following reasons, Plaintiff's motion is denied.

### II. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts presented are to be construed in a light most favorable to the nonmoving party. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

## III. PRELIMINARY MATTERS

Pursuant to the Local Rule 56.1(a) of the Northern District of Illinois, a party moving for summary judgment must present a statement of material undisputed facts. This rule specifies that the movant must provide "within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." LR56.1(a). Failure to comply with this rule constitutes ground for denial of the motion. *Id*. It is within my discretion to strictly enforce this rule.

Each party cries foul, alleging that the other failed to strictly comply with the Local Rules. Indeed, each party is correct. Neither party was in full compliance with the Local Rules, and I decline Defendant's invitation to deny Plaintiff's motion based solely on its failure to strictly comply with the Local Rules.

Next, Defendants argue that Exhibits A, B, C, E, and I all include redactions, which is contrary to the general rule of the Seventh Circuit. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7 th Cir. 2002). Though Defendant is again correct that Plaintiff failed to strictly comply with this Court's procedures, Healix provided a copy of its unredacted exhibits to the Court September 29, 2010, and informed Defendant of this action. Accordingly, I deny Defendants' motion to strike these exhibits.

2

Defendants move to strike exhibits F and G as inadmissible hearsay. Exhibit F contains an email exchange between Chris Porter of 3 Tree and Scott Weiss, corporate counsel to Healix. In this exchange, Chris Porter confirms his belief that HHI was aware of the relationship between 3 Tree and Healix at the time of their first meeting. Exhibit G contains an email exchange between Scott Weiss and Grant Chester, Chief Pharmacy Investigator in the Washington State Department of Health. In this exchange, Grant Chester confirms that nonresident pharmacies may only ship drugs directly to patients. HHI argues that these emails fail to fall within the business exception because a statement that a business record is "kept within the normal course of business" is inadequate to meet the requirements of Federal Rule of Evidence 803(6). Pursuant to Rule 803(6), records of regularly conducted activity are an exception to hearsay. Specifically, a document qualifies when it is "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record data compilation, all as shown by the testimony of the custodian or other qualified witness." The affidavits attached to the email submissions are signed by a Healix records custodian who states that the emails are exact copies of emails received on the Healix server and kept in the normal course of business. Accordingly, I decline to strike these two exhibits.

## IV. STATEMENT OF FACTS

Plaintiff Healix filed a motion for summary judgment as to count V of the complaint alleging tortious interference. HHI and Healix both conduct business in the healthcare industry by providing infusion services to physicians and their respective practices. Healix is a Texas

3

corporation with its headquarters in Sugar Land, Texas. HHI is an Illinois corporation with its headquarters in Hinsdale, Illinois. HHI and Healix are direct competitors.

In late 2006, Healix began to develop a new relationship with Three Tree ID Clinic ("3 Tree") located in Burien, Washington. In June of 2007, Healix entered into a contract for pharmacy services with 3 Tree. The contract's term was for five years commencing on the first day patients were treated. In November of 2007, 3 Tree terminated its contract with Healix.

Healix claims that 3 Tree terminated its contract as a direct result of HHI's interference. Chris Porter, a principal in 3 Tree, stated that he spoke with Landon Lackey of HHI at the October 4-7, 2007 Infectious Disease Society Association Annual Meeting in San Diego, California. Their conversation took place at the HHI booth. Conversations between Lackey and Porter continued in October 2007. HHI and 3 Tree entered into an agreement entitled "Service Agreement for Infusion Therapy Services" in December 2007. Porter claims that as a result of HHI's representations, 3 Tree suspended their contract with Healix.

Chris Porter claims that he "specifically stated that 3 Tree ID had recently signed a contract with Healix Infusion Therapy." Landon Lacky, however, asserts that he never had knowledge of a contract between 3 Tree and Healix. This fact is in dispute.

## V. DISCUSSION

### A. Choice of Law

Here, the parties dispute which state's law, Texas or Washington, should be applied to this dispute. The choice of law is important because there is a material difference between the two states' tortious interference laws. Washington law requires Healix to allege and prove: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had

4

knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship expectancy; (4) that the defendants interfered for an improper purpose or used improper means; and (5) resultant damages. (*Westmark Development Corp. v. City of Burien*, 166 P.3d 813, 822 (Wash. Ct. App. 2007). Under Texas law, the elements of tortious interference are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act proximately caused the claimant's damage; and (4) actual damages or loss. *Fluorine On Call, Ltd. v. Flurogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004). Under Texas law "[f]or a plaintiff to maintain a tortious interference claim, it must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract. *All. Am. Tel., Inc. v. USLD Commc'ns., Inc.*, 291 S.W.3d 518, 531 (Tex. App. Ct. 2009). Unlike Texas law, Washington makes clear that the underlying conduct of the allegedly interfering party must itself by tortious. Although the distinction between Texas and Washington law is subtle, it requires a choice of law analysis.

"When an action has been transferred from another district under 28 U.S.C. § 1404(a), a court must apply the choice of law principles of the state in which the action was originally instituted." *See Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 963 n. 7 (7th Cir. 2002). Because this case was transferred from the Southern District of Texas, I must look to

5

Texas choice of law principles.[1]  Texas courts apply the "most significant relationship" test to decide choice of law issues, *Hughes Wood Products v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000).

"[T]he Restatement requires the court to consider which state's laws has the most significant relationship to the particular substantive issue to be resolved."  *Wagner*, 18 S.W.3d at 205.  Under the Restatement's "most-significant relationship test," the applicable law is determined by analyzing the following contacts: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.  RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 145(2) (1971).  These contacts are to be evaluated according to their relative importance with respect to the particular issue.  *In re Enron Corp. Securities, Derivative & ERISA Litigation*, MDL-1446, 2011 WL 43421, at *5 (S.D. Tex. Jan. 6, 2011).  While the Fifth Circuit considers the location of injury an "important factor" in determining the appropriate application of law, *Huddy v. Fruehauf Corp.*, 953 F.2d 955, 957 (5th Cir. 1992), I must also focus on the conduct that led to 3 Tree terminating its contract with Healix.  "'[W]here all or a great majority of the actions that give rise to the tortious claim took place in one state, that state's law will typically apply, even though the effects of the activity may have been felt in Texas." *Tissue Transplant*

---

[1] Defendants comment that Texas choice of law principles may not apply because at the time the parties agreed to transfer this count to Illinois, this Court did not have supplemental jurisdiction over this count because the federal counts had been dismissed.  The Court, however, found that diversity subject matter existed because the plaintiffs and the defendants are completely diverse, and Defendants do not challenge that finding.  Nonetheless, both parties argued this motion on the merits assuming that Texas choice law principles do apply.  I note that the elements of a tortious interference claim under the laws of the State of Washington are the same as those in Illinois.

*Technology, Ltd. v. Osteotech, Inc.*, No. Civ.A.SA-04-CA-0891, 2005 WL 958407, at *3 (W.D.Tex. April 26, 2005) (citing *State Nat. Bank v. Academia, Inc.*, 802 S.W.2d 282, 291 (Tex. Ct. App. 1990)).

Texas courts also consider section 6 of the Restatement. Section 6 of the Restatement enumerates several considerations relevant to a choice-of-law analysis: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and (7) ease in the determination and application of the law to be applied. RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 145(2) (1971).

Healix argues that the injury in question occurred in Texas, where Healix's corporate office is located. It is in Texas that all billing and collections would take place, and from Texas that drugs were shipped to Washington. Further, it alleges that the place where the injury-causing conduct occurred was California. It was in California that Lackey and Porter first met at the Infectious Disease Society of America conference held in 2007. There is no dispute regarding the third and fourth factors. Healix is a Texas corporation, whereas HHI is an Illinois corporation. There was no formal business relationship between Healix and HHI, though the interference involved a Washington medical practice, 3 Tree. Based on these facts, Healix argues that Texas law should apply to this action.

HHI, however, asserts that analysis of the facts leads to application of Washington law. HHI disputes that the conduct causing the harm occurred in California. Instead, HHI argues that

7

the conduct allegedly causing the harm occurred in Washington, because that is where the agreement between HHI and 3 Tree was signed, and it was in Washington, not California, that the conversations leading up to an actual contract between HHI and 3 Tree took place. Despite HHI's assertions, it has submitted no documents to show how much time was spent in California, Washington, or even Illinois in the formation of the contract.

Even though HHI alleges that conduct trumps injury, Defendants have not made a showing that all or most of the conduct occurred in Washington. The injury itself occurred in Texas, while the conduct leading to the injury occurred in at least three states: California, Washington, and Illinois.[2] Accordingly, the Section 145 factors weigh in favor of the application of Texas law.

Though neither party presented any arguments regarding Section 6, an analysis of the Section 6 factors yields a neutral result. I find the first factor, the needs of interstate and international systems, neutral. The second, third, and fifth factors seek comparison of each interested state's policies and interests underlying the interest to be decided. *Jelec,* 498 F.Supp.2d at 950. The relevant policies of the forum, Illinois, are not a factor here as Illinois is only the place of trial. Furthermore, Illinois and Washington maintain the same standards for tortious interference. Though the elements of Texas law differ from those of Washington, both states have similar goals in protecting the formation of contracts from tortious interfering conduct. In comparing the interests of Washington and Texas, again, the outcome is neutral. While Washington has a strong interest in protecting the interests of its own entities, as well as

---

[2] That Healix is incorporated in Texas is afforded little weight when an action is based on interference with a contractual relationship. *Jelec USA, Inc. v. Safety Controls, Inc.,* 498 F.Supp.2d 945, 951 (S.D. Tex. 2007).

ensuring fair play within its borders, Texas likewise has an interest in this litigation because the complained-of conduct was aimed at Texas and allegedly interfered with and harmed business relationships in that state. Moving to factors four and six, these two factors are afforded little weight when dealing with actions involving torts because they were intended to apply in fields such as contract law. *Jelec*, 498 F.Supp.2d at 951. Finally, the seventh factor asks that court to consider the ease in the determination and application of the law to be applied. Given that both Texas and Washington law are equally easy to discern and apply, the seventh factor is neutral. Because the Section 6 factors do not tip the scales in favor of Washington, I will proceed with the application of Texas law.

### B. Motion To Dismiss

Defendants filed a motion to dismiss Plaintiff's tortious interference claim. I entered and continued the motion pending the determination of the proper choice of law. Having determined that the application of Texas law is proper, I will now address the substance of Defendants' motion to dismiss count V.

As noted *supra,* under Texas law, the elements of tortious interference are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act proximately caused the claimant's damage; and (4) actual damages or loss. *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004). Under Texas law "[f]or a plaintiff to maintain a tortious interference claim, it must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract. *All. Am. Tel., Inc. v. USLD Commc'ns., Inc.*, 291 S.W.3d 518, 531 (Tex. App. Ct. 2009). Defendants argue that count V should be dismissed pursuant to Federal

9

Rule of Civil Procedure 12(b)(6) because Healix does not allege the required element (pursuant to Washington law) that the interference was unjustifiably wrong. As I have already determined however, it is Texas law that applies to this tortious interference claim.

Healix alleges that: (1) it had an enforceable contract with 3 Tree; (2) that HHI was "fully aware of the contractual relationship between Healix and 3 Tree ID Clinic at the time they were first in contact with the practice and their actions induced and/or hindered performance on the contract"; (3) that HHI's actions proximately caused it damages; and (4) that it suffered actual damage. I find these allegations sufficient to meet the standard set forth by Texas law and survive Defendant's motion to dismiss.

### C. Motion for Summary Judgment

Plaintiff now moves for summary judgment as to its tortious interference claim. Pursuant to Texas law, the elements of tortious interference are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act proximately caused the claimant's damage; and (4) actual damages or loss. *Fluorine On Call, Ltd. v. Flurogas Ltd.*, 380 F.3d 849, 864 (5 th Cir. 2004). Because there is a question of material fact, specifically whether HHI's alleged act of interference was willful and intentional, Plaintiff's motion for summary judgment is denied.

As to the first element of Plaintiff's claim, Healix must show that there was a contract subject to interference. Healix has presented the court with a signed five-year contract with 3 Tree in which it was to be the exclusive provider for drugs and billing collections. Pursuant to the contract, the five-year period commenced on the first day that 3 Tree treated patients. Though HHI argues that the contract was not an enforceable agreement because 3 Tree had not yet begun treating patients, this argument fails. The contract presented was fully executed and

bound both parties. Furthermore, the "effective date" relates to the term of the contract as set forth in Section 7.1, and not its enforceability.

Next, Healix must prove that HHI intended to interfere with the 3 Tree-Healix contract. Though Plaintiff argues that there is no genuine issue of material fact as to this issue, I disagree. Chris Porter's declaration states that he specifically informed Landon Lacky of Healix's contract with HHI. Landon Lacky, however, denies any such knowledge. Though Healix argues that Lacky's affidavit is inadequate to defeat summary judgment, I find Lacky's knowledge of the 3 Tree-Healix contract a question of material fact. Because I find that there is a genuine question of material fact, Plaintiff's motion for summary judgment is denied. Accordingly, I do not reach the third and fourth elements of tortious interference, proximate cause and damages.

## VI. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss count V of the complaint is denied. Likewise, Plaintiff's motion for summary judgment as to count V is also denied.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: January 27, 2011